IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARITZA LOPEZ-JIMENEZ
MARIA E. PEREA, on her own behalf and in
representation of her minor children,
ASHLEY LOPEZ-PEREZ and
JASON LOPEZ-PEREZ,
GILBERTO I. LOPEZ-PEREZ,
YAMIL LOPEZ-PEREZ,
ALMA J. LOPEZ-PEREZ and
GIOVANNI LOPEZ-PEREZ

Plaintiffs

vs                                                          CIVIL 09-1156CCC

MIGUEL PEREIRA, Administrator of
Corrections,
HECTOR FONTANEZ, Auxiliary
Administrator of Security and/or Director of
Security at the Central Office of the
Administration of Corrections and the
conjugal partnership formed with Jane Doe 1,
RAMÓN DIAZ-CORREA, Director of the
Bayamón Complex, and the conjugal
partnership formed with Jane Doe 2;
PORFIRIO GREEN, Director of Security for
the Bayamón Correctional Complex, and the
conjugal partnership formed with Jane Doe 3;
LUIS DEL VALLE, Superintendent of
Bayamón 292 Institution, and the conjugal
partnership formed with Jane Doe 4;
JOHN DOES,
in their personal and individual capacities

Defendants

# OPINION AND ORDER

This is a 42 U.S.C. §1983 action founded on the Eighth and Fourteenth Amendments
to the U.S. Constitution for the alleged denial of emergency medical care to an inmate which
culminated in his death.  Supplemental claims under the Constitution and laws of the
Commonwealth have also been asserted.  Before the Court now is the Motion to Dismiss
Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by some of the defendants on May
28, 2009 (**docket entry 9**), which plaintiffs opposed on June 25, 2009 (docket entry 13).

Plaintiffs are the sister, common-law wife and children of the deceased inmate.
Defendants are various officials of the Puerto Rico Administration of Corrections at the time

CIVIL 09-1156CCC                              2

of the event at issue, to wit:  Miguel Pereira (Pereira), its Administrator, Héctor Fontánez (Fontánez), its Auxiliary Administrator of Security and/or Director of Security, Ramón Díaz-Correa (Díaz) and Porfirio Green (Green), both identified as being responsible for deploying staff at the various correctional institutions which compose the Bayamón Correctional Complex, and Luis del Valle (Valle), superintendent of the Bayamón 292 Institution.  Other unknown defendants were also sued and identified only as "John Does."  Plaintiffs allege that on February 18, 2008 their relative, inmate Gilberto J. López-Jiménez (López), who was then imprisoned at the Bayamón 292 institution, suffered a health condition that required emergency medical care which was not timely provided to him and, as a result, he passed away.  Plaintiffs further aver that while defendants had a responsibility to implement practices and procedures which would ensure the safety of the inmates under their custody, and were aware of lapses in security and unreasonable risks of death existing particularly at Bayamón 292 Institution for their failure to provide reasonably adequate emergency medical care, equipment or facilities to the inmates, they did not enforce acceptable correctional practices at said institution which would have remedied it.

       In their dismissal motion (docket entry 9), defendants Fontánez, Díaz, Green and Valle raise a myriad of challenges to the complaint, asserting that plaintiffs lack standing to sue under §1983 both in their personal capacities and as heirs of the deceased inmate, that the complaint lacks sufficient factual allegations to satisfy the heightened pleading standards adopted in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), that it fails to state causes of action under §1983, the Eighth and Fourteenth Amendments, and that all pendent claims should be dismissed.  In their opposition (docket entry 13), plaintiffs vigorously contend that the complaint contains sufficient factual allegations to survive dismissal, while barely addressing the other deficiencies pointed out by defendants.  We now address them seriatim.

CIVIL 09-1156CCC                              3

- Plaintiffs' lack of standing to sue under §1983.

It is axiomatic that relatives may not assert a §1983 action seeking damages for the death of a family member as a result of unconstitutional conduct unless the challenged action is directed at their family relationship. Robles-Vázquez v. Tirado-García, 110 F.3d 204, 206 n. 4 (1st Cir. 1997). See also Soto v. Flores, 103 F.3d 1056, 1062 (1st Cir.1997). It is also firmly established that state action impacting the parent-child relationship only incidentally, as in the case of an unlawful death such as the one alleged in this case, is not deemed to be aimed at family relationships. Pittsley v. Warish, 927 F.2d 3, 8 (1st Cir. 1991). Thus, to the extent that plaintiffs' §1983 action seeks to recover for their own damages resulting from their relative's death, they all lack standing to pursue it.

A different question is whether plaintiffs have standing to sue on behalf of the decedent himself for any damages López suffered before his death. The Supreme Court has held that under 42 U.S.C. Section 1988, state law determines the survivorship of a §1983 action. Robertson v. Wegmann, 436 U.S. 584, 98 S.Ct. 1991 (1978). Hence, following the survivorship rules established by the Puerto Rico Supreme Court in relation to actions brought under Article 1802 of the Civil Code, the Commonwealth's tort statute, it has been repeatedly held in this Court that an heir has standing to bring a §1983 claim in a representative capacity only when there is a showing that the decedent suffered prior to his death. Rossi-Cortés v. Toledo-Rivera, 540 F.Supp. 2d 318 (D.P.R. 2008); Vargas v. González, 135 F.Supp. 2d 305, 310 (D.P.R. 2001); González-Rodríguez v. Alvarado, 134 F.Supp.2d 451, 454 (D.P.R.2001). Under Puerto Rico law, López' immediate heirs are his children. See 31 L.P.R.A. §2641. The complaint, in turn, alleges that López "suffered extreme physical and mental pain while he was suffering a health condition that required emergency medical care, suffering from the fear of his imminent death and while he was denied emergency medical care and/or access to it." Complaint (docket entry 1), ¶ 49, p. 11. Accordingly, only plaintiffs Ashley López-Pérez, Jason López-Pérez, Gilberto I. López-Pérez,

CIVIL 09-1156CCC                                4

Yamil López-Pérez, Alma J. López-Pérez and Giovanni López-Pérez, the decedent's six children, have standing to sue under §1983 as representatives of his estate.

- Plaintiffs' failure to state a claim upon which relief may be granted.

        Having determined that some of the plaintiffs do have standing to pursue the decedent's §1983 claim, we must now consider whether the allegations of the complaint are enough to state a claim for relief under said statute.  The Fed.R.Civ.P. 8 pleading standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Maldonado v. Fontanés, 568 F.3d 263, 268 (1st Cir.2009) (quoting Iqbal, 129 S.Ct. at 1949).  Section 1983 requires three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action.  42 U.S.C. §1983.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, at 1949.

        We, thus, must conduct our analysis by first identifying the allegations of the complaint that are no more than legal conclusions, which are not to be considered, and then zero on the well-pleaded nonconclusory factual allegations to determine whether they, by itself, plausibly give rise to an entitlement to relief.  Having done so, we conclude that the complaint before us has failed to bring plaintiffs' federal claims "across the line from conceivable to plausible." Twombly, at 1955.

CIVIL 09-1156CCC                            5

As stated above, plaintiffs claim that defendants violated the decedent's federal constitutional rights when they supposedly failed to provide him with adequate emergency medical care, which led to his death.  A claim for inadequate medical care by prison officials only gives rise to an Eighth Amendment[1] claim under §1983 if plaintiffs show that defendants acted with "deliberate indifference to [his] serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976).  A prisoner's medical need is considered "serious" if he establishes that it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citations omitted).  The objectively serious need "must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'"  Id.  To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw that inference.  Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994).

Here, plaintiffs just allege in their complaint that their deceased relative "suffered a health condition that required emergency medical care and was not provided with access to emergency medical care that would have saved his life."  Complaint, at ¶ 13.  See also ¶¶ 22, 49.  The extent of his injuries/disease is nowhere specified, and we are not bound to accept as true "'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, at 1949 (quoting Twombly, 127 S.Ct. at 1955).  A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions."  Twombly, at 1955.  As there are simply no factual allegations showing that the decedent indeed suffered from a serious medical need, the Court would be forced to impermissibly speculate as to the extent of his injuries and the need for care.  That simply will not do.  Plaintiffs having failed to provide any

---

[1]The Court notes that plaintiffs have also invoked the Fourteenth Amendment.  Of course, the Eighth Amendment to the Constitution is applicable to the States through the Due Process Clause of the Fourteenth Amendment.  See Robinson v. California, 370 U.S. 660, 666, 82 S.Ct. 1417 (1962).

detail regarding López' medical condition and needs, the complaint fails to state a claim on which relief may be granted under the Eighth Amendment and must be dismissed.[2]

Even if we were to assume that the complaint's factual allegations are enough to configure a claim under the Eight Amendment, they still fail to establish the required causal connection between movants and the deprivation of decedent's constitutional right.  We start by noting that none of the moving defendants are alleged to have been present at the Bayamón 292 Institution on the date of the event.  Ergo, they are all being sued in their supervisory capacities on a theory that they are all responsible, in their absence, for the way things unfolded on the date of López' death.  "Because vicarious liability is inapplicable to ... §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, at 1948.  "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  Id., at 1949.

A detailed examination of the allegations against the moving defendants shows their particular deficiencies.  For example, while plaintiffs do indicate that movants were responsible for adequately deploying staff at the correctional institutions to oversee compliance with constitutional standards, implement practices and procedures which would ensure the physical safety of the deceased, and monitoring the observance of such practices and procedures, they go on to state that they failed to do so "in reckless disregard or through fault or negligence," see i.e. Complaint at ¶ 4, clearly a legal conclusion.  See also ¶¶ 6, 8, 10.  Indeed, many of the allegations against movants are merely legal conclusions couched

---

[2] Ordinarily, leave to amend the complaint would have been provided to plaintiffs. However, we note that while plaintiffs were put on notice since the filing of the motion to dismiss on May 28, 2009 of movants' basis for said dismissal request, they opted to oppose the motion arguing that the complaint stated enough facts to withstand dismissal instead of seeking leave to amend it in order to cure its obvious factual deficiencies and conform it to the more demanding pleading standards enunciated in Iqbal on May 18, 2009.  Allowing an amendment to the complaint at this stage of the proceedings, when discovery has already ended, would not only serve to reward plaintiffs' indolence but would also prejudice defendants by unjustifiedly delaying the adjudication of the claims against them.

as factual allegations.  See e.g. ¶¶ 21, 36, 39, 43.  Plaintiffs have also included a laundry-list of alleged failures committed by movants, i.e.: "to adequately supervise inmates at Bayamón 292 Institution," "to control the gates which separate the different sections of the living areas of Bayamón 292 Institution," "to ensure that sufficient personnel were assigned to Bayamón 292 institution," "to classify prisoners according to their safety needs," etc.  These, however, are at best conclusory factual allegations, too vaguely stated to shed light on how they resulted in the alleged deprivation.  See also ¶¶ 37, 38.  Finally, plaintiffs have also included allegations in which they aver that defendants were "aware of serious lapses in security and of the unreasonable risk of death existing at Bayamón 292 Institution through information available to them through regular channels of communication at the Administration of Correction . . . [but] failed to enforce acceptable correctional practices at that institution or otherwise provide adequate security to Gilberto J. López-Jiménez...."  Complaint at ¶¶ 19, 20. This, however, is akin to the "knowledge and acquiescence" supervisory theory of liability rejected in Iqbal, where the Court held that it is not enough to just allege that a supervisor at least had knowledge of and was deliberately indifferent to the constitutional violation. Iqbal, at 1949.  See also Maldonado v. Fontanés, 568 F.3d at 274, n. 7 (recognizing that ""[s]ome recent language from the Supreme Court may call into question our prior circuit law on the standard for holding a public official liable for damages under §1983 on a theory of supervisory liability" and quoting Iqbal.)

        While we cannot say that plaintiffs' complaint does not show "a possibility that someone acted unlawfully," this is not enough under the revised pleading standards.  Id. Instead, there must be factual allegations sufficient to rise above the "speculative level" or the "merely possible or conceivable." Twombly, 550 U.S. at 557, 570, which are absent in this complaint.  As plaintiffs' complaint does not plead enough facts to state a claim to relief that is plausible on its face, it must be dismissed.  Accordingly, movants' Motion to Dismiss (**docket entry 9**) is GRANTED, and partial judgment shall be entered DISMISSING plaintiffs' §1983 action against them for the complaint's failure to state a claim under the

CIVIL 09-1156CCC                                        8

Eighth and Fourteenth Amendment.  The Court declines to exercise supplemental jurisdiction over the claims brought under Puerto Rico law, so those are also DISMISSED, but without prejudice.  See 28 U.S.C. §1367; Marrero-Gutiérrez v. Molina, 491 F.3d 1, 7 (1st Cir.2007).

Finally, the Court notes that default has been entered against defendant Miguel Pereira (docket entry 15), against whom the complaint also fails to state a federal claim for the same reasons explained above.  It has been interpreted that under Fed.R.Civ.P. 55(c), a district court has the authority to set aside sua sponte an entry of default for good cause. Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371 (7th Cir. 2008). We believe that a complaint's failure to state a claim against a defaulted defendant is as good a cause as any other to set aside an entry of default.  After all, even if the complaint's allegations were deemed to be admitted by the defaulted defendant, they would still fall short of pleading a federal claim meriting relief.  Consequently, the default entered against defendant Miguel Pereira is VACATED, and partial judgment will also be entered DISMISSING plaintiffs' §1983 action against him.

SO ORDERED.

At San Juan, Puerto Rico, on January 29, 2010.


S/CARMEN CONSUELO CEREZO
United States District Judge